jw/lml

# IN THE UNITES STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| NANCY BEAR, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No. 04-4081-JAR |
|  | ) |
| JAMES A. PATTON, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

### MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

On June 20, 2006, the Tenth Circuit Court of Appeals vacated the judgment of this Court granting defendant's motion to dismiss and remanded for determination of whether the underlying state court judgment was final under Kansas law at the time the federal action was filed, thus implicating the *Rooker-Feldman* doctrine.[1] Should this Court determine that the judgment was not final and, therefore, that *Rooker-Feldman* does not apply, the Tenth Circuit invited it to consider the alternate bases for dismissal urged by defendant, namely, abstention under *Younger v. Harris*[2] and the discretion a district court has to decline to exercise jurisdiction under the Declaratory Judgment Act.[3] Defendant has conceded that the state court judgment was not a final order. After considering the parties's submissions on the alternative bases,[4] the Court

---

[1] *Bear v. Patton*, 451 F.3d 639 (10th Cir. 2006) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (together *Rooker-Feldman*)).

[2] 401 U.S. 37 (1971).

[3] *Bear*, 451 F.3d at 643 (citing 28 U.S.C. § 2201(a)).

[4] The parties addressed these issues in their original briefs on defendant's motion to dismiss (Docs. 3 and 4). At a status conference after the case was remanded, counsel for plaintiff requested additional time to file supplemental briefing, and was granted until September 22, 2006 to file a supplemental brief on the alternative issues (Doc. 23). Plaintiff failed to file such a brief, however, and the Court considers the matter submitted on the

determines that defendant's motion to dismiss should be denied with respect to the *Younger* doctrine, but declines to exercise jurisdiction under the Declaratory Judgment Act, and dismisses plaintiff's Complaint.

## I.      Procedural Background

The underlying facts of this case are well recited in the published opinion by the Tenth Circuit, *Bear v. Patton*,[5] as well as the Court's Memorandum Order granting defendant's motion to dismiss,[6] and will not be repeated here, except as necessary to explain the Court's ruling. This case involves previous litigation that originated in the District Court of Brown County, Kansas, Case No. 02-C-61. The original dispute involved a petition for dissolution of partnership and partition filed against plaintiff, Nancy Bear. The plaintiffs in that case sought a dissolution and accounting of the partnership in Count I and a partition of land owned by the partnership in Count II. The real estate in question is located within the Kickapoo Reservation. On December 10, 2003, Judge Patton ordered a partition of the real estate and scheduled a sheriff sale.

Bear filed a motion to dismiss the case on June 15, 2004, the date of the sheriff sale, arguing that the court lacked subject matter jurisdiction over the real estate and personal property because it was on Indian land. In support of the motion, Bear included a copy of a declaratory judgment and permanent injunction obtained by the Kickapoo Tribe in federal court in 2000.

On July 9, 2004, Bear filed a complaint in federal district court against Judge Patton seeking a Declaratory Judgment that Judge Patton's exercise of jurisdiction over the real estate

---

original briefs.

[5]451 F.3d at 639.

[6](Doc. 10.)

violated federal law.  She also seeks injunctive relief prohibiting Judge Patton from issuing or enforcing any further orders, judgments or degrees regarding her or any of her deeded lands on the Kickapoo Reservation.  In light of the federal lawsuit, Judge Patton *sua sponte* stayed the state court proceedings.  Bear's motion to dismiss remains pending in that court.

On defendant's motion, this Court dismissed Bear's federal claim on the grounds that the court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[7]  Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to "review state court judgments or claims inextricably intertwined with them."[8]  Having recently limited the doctrine to suits filed after state proceedings are final,[9] the Tenth Circuit reversed Bear's dismissal and held that for purposes of the doctrine, a state court judgment is not final until the losing party's time for appeal had lapsed.[10]  The court declined to address whether the Count II judgment was final under Kansas law, and remanded the case to the district court to determine whether the partition judgment was final at the time Bear filed her federal claim.[11]

On remand, defendant conceded that the partition judgment was not a final order.  Thus, defendant's motion to dismiss will turn on the issues not addressed by this Court in the initial litigation.  The issues to be decided are (1) whether this court lacks subject matter jurisdiction

---

[7]*Bear v. Patton*, 364 F. Supp. 2d 1242, 1245 (D. Kan. 2005).  The *Rooker-Feldman* doctrine divests federal district courts of subject matter jurisdiction over claims that seek, in substance, appellate review of final state court judgments.

[8]*Bear v. Patton*, 451 F.3d 639, 641(10th Cir. 2006) (citing *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006)).

[9]*Guttman*, 446 F.3d at 1031.

[10]*Bear*, 451 F.3d at 641-42.

[11]*Id*.

under the *Younger* abstention doctrine; and (2) whether this Court should decline jurisdiction under the Declaratory Judgment Act.

**II.    Analysis**

    **A.    *Younger* Doctrine**

The *Younger* abstention doctrine generally states that federal courts should not issue orders disrupting state court proceedings.[12] The doctrine prohibits a federal court from granting injunctions and other equitable relief that may interfere with a state court proceeding.[13] Federal courts are also discouraged from making declarations of constitutional issues being addressed in a state court proceeding.[14] *Younger* abstention adheres to the principal that "federal courts respect state functions and the independent operation of state legal systems."[15]

The *Younger* doctrine requires abstention when federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims.[16] In this case, there is no interference with an ongoing proceeding. In *Southwest Air Ambulance, Inc. v. City of Las Cruces*,[17] the Tenth Circuit held the doctrine does not apply when a state court has stayed a criminal proceeding on

---

[12] *Younger v. Harris*, 401 U.S. 37 (1971).

[13] *Id*. at 43-45.

[14] *Weitzel v. Div. of Occupational & Prof'l Licensing,* 240 F.3d 871, 875 (10th Cir. 2001).

[15] *Phelps v. Hamilton*, 122 F.3d 855, 889 (10th Cir. 1997).

[16] *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (citations omitted).

[17] 268 F.3d 1162, 1178 (10th Cir. 2001).

its own motion.[18]  Judge Patton stayed this proceeding *sua sponte* until the federal claim is resolved.  Thus, under the Tenth Circuit's rule, the *Younger* abstention doctrine does not prevent this Court from exercising subject matter jurisdiction.

### B.    Declaratory Judgment Act

Defendant also requests that the Court abstain from exercising jurisdiction over this case in favor of resolution of the case pending before the state court.

The Court has discretion in determining whether and when to entertain an action seeking a declaratory judgment, even though the suit might otherwise meet all jurisdictional requirements.[19]  The Declaratory Judgment Act provides district courts with the authority to "declare the rights and other legal relations of any interested party seeking such declaration."[20]  Whether to grant declaratory relief is within the court's discretion.[21]  A district court may abstain from making a declaratory judgment even when the suit has an independent jurisdictional basis.[22]

The Tenth Circuit has guided the district courts with factors to weigh in exercising its discretion.  In determining whether to decide a declaratory claim, a district court should consider: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a

---

[18]*See also Bear v. Patton*, 451 F.3d at 643, n.5  (casting doubt on whether the *Younger* abstention doctrine would apply to the facts of this case).

[19]*Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

[20]28 U.S.C. § 2201(a).

[21]*See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 494-95 (1942).

[22]*Wilton*, 515 U.S. at  282.

race to res judicata; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.[23]  No one factor is determinative.[24]

The parties focus their analysis on the first factor.  The inquiry into whether the declaratory judgment settles a controversy and clarifies the legal relationships at issue "is designed to shed light on the overall question of whether the controversy would be better settled in state court."[25]  The federal suit may settle the controversy of whether the state court has subject matter jurisdiction over the real estate.  As defendant points out, however, the declaration of jurisdiction will not be binding on parties not joined to this action.  Bear has no controversy with defendant, Judge Patton.  Any controversy over jurisdiction is with the other litigants in the state case.  There is nothing preventing Bear from raising the issue of jurisdiction in the state court proceedings.  Indeed, Bear's motion to dismiss remains pending before that court.  If Judge Patton proceeds to rule against Bear on the merits, she can avail herself of Kansas' appellate process to review any jurisdictional issues.

Accordingly, the Court declines to exercise jurisdiction over this action, in favor of resolution of the action before Judge Patton.  Because that action is governed by the same facts and law as this one, there is no risk that the issues presented here will go undecided.  Thus, there is no reason for this Court to stay this action rather than dismiss it outright.[26]  Accordingly, the

---

[23]*State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

[24]*United States v. City of Las Cruces*, 289 F.3d 1170, 1184 (10th Cir. 2002).

[25]*Id.* at 1187 (citing *Brillhart*, 316 U.S. at 495).

[26]*Cf. id.* at 1192 (when court declines to exercise jurisdiction, stay rather than dismissal is preferable if party seeking declaration could be unduly prejudiced by the outcome of the parallel case).

Court will dismiss this case pursuant to *Mhoon*.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 8) is GRANTED.  The Complaint is dismissed on prudential grounds in favor of resolution of the same issues in Case No. 02-C-61, pending in the District Court of Brown County, Kansas.

IT IS SO ORDERED.

Dated this   11th   day of May 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge